# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION



FILED
JAMES BONINI
CLERK

09 JUN 15 PM 3: 52

U.S. DISTRICT COURT
SOUTH. DIST OHIO
EAST. DIV. COLUMBUS

2:09 cv 490

| | |
|---|---|
| PHILIP J. CHARVAT, an individual, | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. _____ |
| | : |
| DISCOVER FINANCIAL SERVICES, INC., | : Judge _____ |
| a Delaware Corporation, | : MAGISTRATE JUDGE KEMP |
| | : Magistrate Judge _____ |
| and | : |
| | : |
| DISCOVER BANK, a Delaware | : |
| Corporation, | : |
| | : |
| Defendants. | : |

## COMPLAINT FOR MONEY DAMAGES, DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

### JURY DEMAND ENDORSED HEREON

NOW COMES PLAINTIFF PHILIP J. CHARVAT, by and through the undersigned counsel, and brings this action to obtain money damages, declaratory judgment and injunctive relief against Defendants, arising from the 33 unlawful telemarketing calls that Defendants made to Plaintiff at his residence in disregard and violation of well-established federal and Ohio laws prohibiting such calls, and other unlawful activities of Defendants related to these calls.

### The Parties

1.     Plaintiff Philip J. Charvat ("Charvat" or "Plaintiff") is a living person and individual who resides at 636 Colony Drive, Westerville, Franklin County, Ohio 43081. At his residence, Plaintiff is a residential telephone subscriber, and he places and receives telephone calls through the use of one or more telephones connected to an outside telephone line having the telephone number of (614) 895-1351 ("Plaintiff's Residential Telephone Number").

2.     At all times relevant hereto and upon information and belief, Defendant Discover Financial Services, Inc. ("DFS"), is a Delaware corporation that is not registered to do business in the State of Ohio, but which conducts business in Ohio.  Upon information and belief, DFS has its principal place of business at 2500 Lake Cook Road, Riverwoods, Illinois 60015.

3.     At all times relevant hereto and upon information and belief, Defendant Discover Bank ("Discover"), is a Delaware corporation not registered to do business in the State of Ohio. Upon information and belief, Discover has its principal place of business at 100 West Market, Greenwood, Delaware 19950.

4.     At all times relevant hereto, while conducting business in Ohio, Defendants have been subject to, and required to abide by, the laws of the United States and the State of Ohio, which include the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq.*, and its related regulations that are set forth at 47 C.F.R. §64.1200 (the "TCPA Regulations), as well as the opinions, regulations and orders issued by courts and the Federal Communications Commission ("FCC") implementing, interpreting and enforcing the TCPA and the TCPA Regulations, and the Ohio Consumer Sales Practices Act ("CSPA"), O.R.C. §1345.01, *et seq.*

### Jurisdiction and Venue

5.     This Court has personal jurisdiction over the Parties.

6.     This Court has:

    (a)     Original diversity jurisdiction over the parties and the claims asserted herein pursuant to 28 U.S.C. §1332 because there is complete diversity between Plaintiff and Defendants, and the amount in controversy well exceeds $75,000.00 in the aggregate; and

    (b)     Original federal question jurisdiction over the parties and the TCPA

claims asserted herein pursuant to 47 U.S.C. §227, *et seq.*,[1] and

supplemental jurisdiction over Plaintiff's claims under the laws of the state

of Ohio pursuant to 28 U.S.C. §1367 because such claims are so related to

claims in this action within the Court's original subject matter jurisdiction

that they form a part of the same case or controversy under Article III of

the United States Constitution.

7.     Venue is proper because all or a substantial part of the events giving rise to the

claims herein occurred within the Southern District of Ohio, Eastern Division, including

Plaintiff's receipt of Defendants' 33 telemarketing calls to Plaintiff's residence, which is located

within this same judicial district and division.

### Plaintiff's Claims

8.     Herein, whenever Plaintiff alleges that Defendants either acted or failed to act in

some manner, it means that Plaintiff alleges that Defendants acted through one or more of their

authorized employees, representatives and/or agents.

---

[1] Plaintiff and his counsel are aware of the ruling issued several years ago by the U.S. Sixth Circuit Court of Appeals in *Dun-Rite Construction, Inc. v. Amazing Tickets, Inc.*, 2004 U.S. App. LEXIS 28047 (2004), in which the appeals court held that federal courts lack subject matter jurisdiction over claims brought under the TCPA. However, since *Dun-Rite* was issued, there have been several other court rulings, including one by the United States Supreme Court, which have come to light or been issued, and which cast considerable doubt on the correctness of the ruling in *Dun-Rite*. Recently, the Honorable Magistrate Judge Michael R. Merz of the Southern District of Ohio, Western Division at Dayton, issued a Decision and Order in *David Hamilton v. United Health Group, et al.*, Case No. 3:08-cv-279 (Document No. 19, September 25, 2008), which fully supports Plaintiff's assertion herein that this Court has original subject matter jurisdiction over his TCPA claims. In *Hamilton*, the court denied the plaintiff's motion to remand his case asserting claims under the TCPA, which he had initiated in Dayton Municipal Court, finding that the federal courts have original jurisdiction over claims brought under the TCPA.

Moreover, the Sixth Circuit recently decided *Charvat v. GVN Michigan, Inc.*, 561 F. 3d 623 (6th Cir. 2009), in which the court characterized as unresolved the issue of whether federal question jurisdiction exists for claims brought under the TCPA. Citing several cases on both sides of the issue, the appeals court stated, "We note that the existence or non-existence of federal-question jurisdiction over private TCPA claims is not a settled question." *Id.* at 627.

3

9.    Each of the following court decisions were on file in the Office of the Ohio Attorney, within its Public Inspection File (hereafter "PIF"), prior to the events complained of herein:

(a)    *Charvat v. Doucet*, Franklin C.P. No. 03CVH08-9221, unreported, OAG PIF# 2218 (Issued Feb. 23, 2004; Filed in PIF Feb. 27, 2004);

(b)    *Charvat v. Continental Mortgage Services, Inc.*, Franklin C.P. No. 99CVH12-10225, unreported, OAG PIF# 1882 (Issued June 1, 2000; Filed in PIF June 2, 2000);

(c)    *Burdge v. Satellite Systems Network, LLC*, Fairfield M.C. No. 2005 CVF 00243, unreported, OAG PIF# 2344 (Issued May 11, 2005; Filed in PIF May 12, 2005);

(d)    *State ex rel. Petro v. Wyatt dba Ohio Tree Transplant*, Delaware C.P. No. 03-CV-H-10-726, unreported, OAG PIF# 2197 (Issued Nov. 18, 2003; Filed in PIF Nov. 19, 2003);

(e)    *State ex rel. Petro v. Consumer Grants USA, Inc.*, Franklin C.P. No. 04CVH-10-10754, unreported, OAG PIF# 2459 (Issued Dec. 21, 2005; Filed in PIF June 22, 2006);

(f)    *Charvat v. Mobley*, Franklin C.P. No. 02CVH-01-01, unreported, OAG PIF# 2113 (Issued Sept. 5, 2002; Filed in PIF Sept. 9, 2002);

(g)    *Teleis v. Warrior Custom Golf, Inc.*, Summit M.C. No. 2004 CVI 1034, unreported, OAG PIF# 2257 (Issued June 11, 2004; Filed in PIF June 18, 2004);

(h)   *State ex rel. Celebrezze v. Mosley*, Franklin C.P. No. 87-CV-042228, unreported, OAG PIF# 868 (Issued May 8, 1987; Filed in PIF May 15, 1987);

(i)   *Ladarkis v. Martin*, Summit C.P. No. CV94-01-0234, unreported, OAG PIF# 1436 (Issued July 29, 1994; Filed in PIF Aug. 9, 2004);

(j)   *State ex rel. Celebrezze v. Lloyd*, Franklin C.P. No. 82-CV-06–3184, unreported, OAG PIF# 5 (Issued May 25, 1983; Filed in PIF May 26, 1983);

(k)   *Burdge v. Kandassubs, Inc.*, Butler C.P. No. 2005-11-3562, unreported, OAG PIF# 2429 (Issued Apr. 28, 2006; Filed in PIF May 2, 2006);

(l)   *State ex rel. Montgomery v. Bayview Group, Inc.*, Franklin C.P. No. 97CVH12-10749, unreported, OAG PIF# 1727 (Issued Sept. 16, 1998; Filed in PIF Sept. 16, 1998);

(m)   *State ex rel. Montgomery v. Loan By Phone Financing dba Burlington Credit Service*, Franklin C.P. No. 97CVH129-10750, unreported, OAG PIF# 1706 (Issued Nov. 12, 1998; Filed in PIF Nov. 12, 1998); and

(n)   *State ex rel. Montgomery v. Holecek dba The Holecek Company*, Stark C.P. No. 2000CV01490, unreported, OAG PIF# 2003 (Issued Aug. 31, 2000; Filed in PIF Aug. 27, 2001).

10.   Through at least 4:30 p.m. on April 28, 2008, Plaintiff had never been a customer of, nor had Plaintiff ever engaged in any form of business with, either Defendant.

11.   Upon information and belief, on March 28, 2005, Defendants placed a live agent telemarketing call to Plaintiff's Residential Telephone Number for the commercial purpose of

5

offering Plaintiff consumer credit services. During such call, at least twice Plaintiff asked that Plaintiff's Residential Telephone Number be placed on Defendants' Do-Not-Call List and demanded that a copy of Defendants' Do-Not-Call Maintenance Policy be sent to him.

12.     Pursuant to 47 U.S.C. §64.1200(d)(6), Defendants were obliged to honor Plaintiff's March 28, 2008 and August 31, 2006 Do-Not-Call requests for at least five years from the dates on which such requests were made.[2]

13.     Upon information and belief, on August 31, 2006, Defendants placed a live agent telemarketing call to Plaintiff's Residential Telephone Number for the commercial purpose of offering Plaintiff consumer credit services. During such call, Plaintiff again asked that Plaintiff's Residential Telephone Number be placed on Defendants' Do-Not-Call List.

14.     Upon information and belief, on November 29, 2007, at approximately 7:20 p.m., without Plaintiff's prior express consent, invitation or permission, Defendants knowingly and/or willfully placed a live agent telemarketing call (the "First Call") to Plaintiff's Residential Telephone Number for the commercial purpose of offering Plaintiff consumer credit services. In regard to such call, Defendants knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent;

(b)     Failed to honor Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

(c)     Failed to maintain a record of Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

---

[2] 47 C.F.R. §64.1200(d)(6) provides:

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

6

    (d)     Failed to train the caller's live representative in the maintenance and use of their Do-Not-Call List; and

    (e)     Identified the person or entity on whose behalf the call was made as "Discover Card," which is a fictitious name that was not registered with the Ohio Secretary of State as of the date and time of the call.

15.     Upon information and belief, on November 30, 2007, at approximately 3:56 p.m., without Plaintiff's prior express consent, invitation or permission, Defendants knowingly and/or willfully placed a live agent telemarketing call (the "Second Call") to Plaintiff's Residential Telephone Number for the commercial purpose of offering Plaintiff consumer credit services. In regard to such call, Defendants knowingly and/or willfully:

    a)     Called without Plaintiff's prior express consent; and

    b)     Failed to honor Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

    c)     Failed to maintain a record of Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List; and

    d)     Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List.

16.     Upon information and belief, on November 30, 2007, at approximately 7:12 p.m., without Plaintiff's prior express consent, invitation or permission, Defendants knowingly and/or willfully placed a live agent telemarketing call (the "Third Call") to Plaintiff's Residential Telephone Number for the commercial purpose of offering Plaintiff consumer credit services. In regard to such call, Defendants knowingly and/or willfully:

    a)     Called without Plaintiff's prior express consent; and

b)      Failed to honor Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

c)      Failed to maintain a record of Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

d)      Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List; and

e)      Identified the person or entity on whose behalf the call was made as "Discover Card", which is a fictitious name that was not registered with the Ohio Secretary of State as of the date and time of the call.

17.     Upon information and belief, on December 3, 2007, at approximately 7:30 p.m., without Plaintiff's prior express consent, invitation or permission, Defendants knowingly and/or willfully placed a live agent telemarketing call (the "Fourth Call") to Plaintiff's Residential Telephone Number for the commercial purpose of offering Plaintiff consumer credit services.  In regard to such call, Defendants knowingly and/or willfully:

a)      Called without Plaintiff's prior express consent; and

b)      Failed to honor Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

c)      Failed to maintain a record of Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List; and

d)      Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List.

18.     Upon information and belief, on December 4, 2007, at approximately 2:47 p.m., without Plaintiff's prior express consent, invitation or permission, Defendants knowingly and/or

willfully placed a live agent telemarketing call (the "Fifth Call") to Plaintiff's Residential Telephone Number for the commercial purpose of offering Plaintiff consumer credit services. In regard to such call, Defendants knowingly and/or willfully:

> a) Called without Plaintiff's prior express consent; and
>
> b) Failed to honor Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;
>
> c) Failed to maintain a record of Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List; and
>
> d) Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List.

19.     Upon information and belief, on December 5, 2007, at approximately 8:53 p.m., without Plaintiff's prior express consent, invitation or permission, Defendants knowingly and/or willfully placed a live agent telemarketing call (the "Sixth Call") to Plaintiff's Residential Telephone Number for the commercial purpose of offering Plaintiff consumer credit services. In regard to such call, Defendants knowingly and/or willfully:

> a) Called without Plaintiff's prior express consent; and
>
> b) Failed to honor Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;
>
> c) Failed to maintain a record of Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;
>
> d) Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List; and

9

e)     Identified the person or entity on whose behalf the call was made as "Discover Credit Card", which is a fictitious name that was not registered with the Ohio Secretary of State as of the date and time of the call.

20.     Upon information and belief, on December 6, 2007, at approximately 3:41 p.m., without Plaintiff's prior express consent, invitation or permission, Defendants knowingly and/or willfully placed a live agent telemarketing call (the "Seventh Call") to Plaintiff's Residential Telephone Number for the commercial purpose of offering Plaintiff consumer credit services. In regard to such call, Defendants knowingly and/or willfully:

a)     Called without Plaintiff's prior express consent; and

b)     Failed to honor Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

c)     Failed to maintain a record of Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

d)     Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List; and

e)     Identified the person or entity on whose behalf the call was made as "Discover Card", which is a fictitious name that was not registered with the Ohio Secretary of State as of the date and time of the call.

21.     Upon information and belief, on December 8, 2007, at approximately 11:33 a.m., without Plaintiff's prior express consent, invitation or permission, Defendants knowingly and/or willfully placed a live agent telemarketing call (the "Eighth Call") to Plaintiff's Residential Telephone Number for the commercial purpose of offering Plaintiff consumer credit services. In regard to such call, Defendants knowingly and/or willfully:

10

a)    Called without Plaintiff's prior express consent; and

b)    Failed to honor Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

c)    Failed to maintain a record of Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List; and

d)    Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List.

22.    Upon information and belief, on December 8, 2007, at approximately 2:39 p.m., without Plaintiff's prior express consent, invitation or permission, Defendants knowingly and/or willfully placed a live agent telemarketing call (the "Ninth Call") to Plaintiff's Residential Telephone Number for the commercial purpose of offering Plaintiff consumer credit services.  In regard to such call, Defendants knowingly and/or willfully:

a)    Called without Plaintiff's prior express consent; and

b)    Failed to honor Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

c)    Failed to maintain a record of Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

d)    Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List; and

e)    Identified the person or entity on whose behalf the call was made as "Discover Card", which is a fictitious name that was not registered with the Ohio Secretary of State as of the date and time of the call.

23. Upon information and belief, on December 10, 2007, at approximately 4:57 p.m., without Plaintiff's prior express consent, invitation or permission, Defendants knowingly and/or willfully placed a live agent telemarketing call (the "Tenth Call") to Plaintiff's Residential Telephone Number for the commercial purpose of offering Plaintiff consumer credit services. In regard to such call, Defendants knowingly and/or willfully:

a) Called without Plaintiff's prior express consent; and

b) Failed to honor Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

c) Failed to maintain a record of Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

d) Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List; and

e) Identified the person or entity on whose behalf the call was made as "Discover Card", which is a fictitious name that was not registered with the Ohio Secretary of State as of the date and time of the call.

24. Upon information and belief, on May 9, 2008, at approximately 10:09 a.m., without Plaintiff's prior express consent, invitation or permission, Defendants knowingly and/or willfully placed a live agent telemarketing call (the "Eleventh Call") to Plaintiff's Residential Telephone Number for the commercial purpose of offering Plaintiff consumer credit services. In regard to such call, Defendants knowingly and/or willfully:

a) Called without Plaintiff's prior express consent; and

b) Failed to honor Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

12

    c)     Failed to maintain a record of Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List; and

    d)     Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List.

25.    Upon information and belief, on May 13, 2008, at approximately 3:50 p.m., without Plaintiff's prior express consent, invitation or permission, Defendants knowingly and/or willfully placed a live agent telemarketing call (the "Twelfth Call") to Plaintiff's Residential Telephone Number for the commercial purpose of offering Plaintiff consumer credit services.  In regard to such call, Defendants knowingly and/or willfully:

    a)     Called without Plaintiff's prior express consent; and

    b)     Failed to honor Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

    c)     Failed to maintain a record of Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

    d)     Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List; and

    e)     Identified the person or entity on whose behalf the call was made as "Discover Card", which is a fictitious name that was not registered with the Ohio Secretary of State as of the date and time of the call.

26.    Upon information and belief, on May 17, 2008, at approximately 9:05 a.m., without Plaintiff's prior express consent, invitation or permission, Defendants knowingly and/or willfully placed a live agent telemarketing call (the "Thirteenth Call") to Plaintiff's Residential

13

Telephone Number for the commercial purpose of offering Plaintiff consumer credit services. In regard to such call, Defendants knowingly and/or willfully:

    a)    Called without Plaintiff's prior express consent; and

    b)    Failed to honor Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

    c)    Failed to honor Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

    d)    Failed to maintain a record of Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List; and

    e)    Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List.

27.    Upon information and belief, on May 20, 2008, at approximately 8:38 p.m., without Plaintiff's prior express consent, invitation or permission, Defendants knowingly and/or willfully placed a live agent telemarketing call (the "Fourteenth Call") to Plaintiff's Residential Telephone Number for the commercial purpose of offering Plaintiff consumer credit services. In regard to such call, Defendants knowingly and/or willfully:

    a)    Called without Plaintiff's prior express consent; and

    b)    Failed to honor Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

    c)    Failed to maintain a record of Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List; and

    d)    Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List.

28.     Upon information and belief, on May 22, 2008, at approximately 5:15 p.m., without Plaintiff's prior express consent, invitation or permission, Defendants knowingly and/or willfully placed a live agent telemarketing call (the "Fifteenth Call") to Plaintiff's Residential Telephone Number for the commercial purpose of offering Plaintiff consumer credit services. In regard to such call, Defendants knowingly and/or willfully:

    a)     Called without Plaintiff's prior express consent; and

    b)     Failed to honor Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

    c)     Failed to maintain a record of Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

    d)     Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List; and

    e)     Identified the person or entity on whose behalf the call was made as "Discover Card", which is a fictitious name that was not registered with the Ohio Secretary of State as of the date and time of the call.

29.     Upon information and belief, on May 23, 2008, at approximately 3:52 p.m., without Plaintiff's prior express consent, invitation or permission, Defendants knowingly and/or willfully placed a live agent telemarketing call (the "Sixteenth Call") to Plaintiff's Residential Telephone Number for the commercial purpose of offering Plaintiff consumer credit services. In regard to such call, Defendants knowingly and/or willfully:

    a)     Called without Plaintiff's prior express consent; and

    b)     Failed to honor Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

15

c)   Failed to maintain a record of Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

d)   Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List; and

e)   Identified the person or entity on whose behalf the call was made as "Discover Card", which is a fictitious name that was not registered with the Ohio Secretary of State as of the date and time of the call.

30.   Upon information and belief, on June 14, 2008, at approximately 2:20 p.m., without Plaintiff's prior express consent, invitation or permission, Defendants knowingly and/or willfully placed a live agent telemarketing call (the "Seventeenth Call") to Plaintiff's Residential Telephone Number for the commercial purpose of offering Plaintiff consumer credit services.  In regard to such call, Defendants knowingly and/or willfully:

a)   Called without Plaintiff's prior express consent; and

b)   Failed to honor Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

c)   Failed to maintain a record of Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

d)   Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List; and

e)   Identified the person or entity on whose behalf the call was made as "Discover Card", which is a fictitious name that was not registered with the Ohio Secretary of State as of the date and time of the call.

16

31.    Upon information and belief, on June 16, 2007, at approximately 6:24 p.m., without Plaintiff's prior express consent, invitation or permission, Defendants knowingly and/or willfully placed a live agent telemarketing call (the "Eighteenth Call") to Plaintiff's Residential Telephone Number for the commercial purpose of offering Plaintiff consumer credit services. In regard to such call, Defendants knowingly and/or willfully:

          a)    Called without Plaintiff's prior express consent; and

          b)    Failed to honor Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

          c)    Failed to maintain a record of Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

          d)    Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List; and

          e)    Identified the person or entity on whose behalf the call was made as "Discover Card", which is a fictitious name that was not registered with the Ohio Secretary of State as of the date and time of the call.

32.    Upon information and belief, on June 16, 2008, at approximately 7:50 p.m., without Plaintiff's prior express consent, invitation or permission, Defendants knowingly and/or willfully placed a live agent telemarketing call (the "Nineteenth Call") to Plaintiff's Residential Telephone Number for the commercial purpose of offering Plaintiff consumer credit services. In regard to such call, Defendants knowingly and/or willfully:

          a)    Called without Plaintiff's prior express consent; and

          b)    Failed to honor Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

17

c)    Failed to maintain a record of Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

d)    Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List; and

e)    Identified the person or entity on whose behalf the call was made as "Discover Card", which is a fictitious name that was not registered with the Ohio Secretary of State as of the date and time of the call.

33.    Upon information and belief, on January 23, 2009, without Plaintiff's prior express consent, invitation or permission, Defendants knowingly and/or willfully placed a live agent telemarketing call (the "Twentieth Call") to Plaintiff's Residential Telephone Number for the commercial purpose of offering Plaintiff consumer credit services.  In regard to such call, Defendants knowingly and/or willfully:

a)    Called without Plaintiff's prior express consent; and

b)    Failed to honor Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

c)    Failed to maintain a record of Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

d)    Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List; and

e)    Identified the person or entity on whose behalf the call was made as "Discover Card", which is a fictitious name that was not registered with the Ohio Secretary of State as of the date and time of the call.

34.     Upon information and belief, on January 26, 2009, at approximately 2:46 p.m., without Plaintiff's prior express consent, invitation or permission, Defendants knowingly and/or willfully placed a live agent telemarketing call (the "Twenty-First Call") to Plaintiff's Residential Telephone Number for the commercial purpose of offering Plaintiff consumer credit services.  In regard to such call, Defendants knowingly and/or willfully:

      a)    Called without Plaintiff's prior express consent; and

      b)    Failed to honor Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

      c)    Failed to maintain a record of Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List; and

      d)    Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List.

35.     Upon information and belief, on January 28, 2009, at approximately 5:15 p.m., without Plaintiff's prior express consent, invitation or permission, Defendants knowingly and/or willfully placed a live agent telemarketing call (the "Twenty-Second Call") to Plaintiff's Residential Telephone Number for the commercial purpose of offering Plaintiff consumer credit services.  In regard to such call, Defendants knowingly and/or willfully:

      a)    Called without Plaintiff's prior express consent; and

      b)    Failed to honor Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

      c)    Failed to maintain a record of Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

d)     Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List; and

e)     Identified the person or entity on whose behalf the call was made as "Discover Card", which is a fictitious name that was not registered with the Ohio Secretary of State as of the date and time of the call.

36.     Upon information and belief, on February 14, 2009, at approximately 12:55 p.m., without Plaintiff's prior express consent, invitation or permission, Defendants knowingly and/or willfully placed a live agent telemarketing call (the "Twenty-Third Call") to Plaintiff's Residential Telephone Number for the commercial purpose of offering Plaintiff consumer credit services. In regard to such call, Defendants knowingly and/or willfully:

a)     Called without Plaintiff's prior express consent; and

b)     Failed to honor Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

c)     Failed to maintain a record of Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

d)     Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List; and

e)     Identified the person or entity on whose behalf the call was made as "Discover Card", which is a fictitious name that was not registered with the Ohio Secretary of State as of the date and time of the call.

37.     Upon information and belief, on February 16, 2009, without Plaintiff's prior express consent, invitation or permission, Defendants knowingly and/or willfully placed a live agent telemarketing call (the "Twenty-Fourth Call") to Plaintiff's Residential Telephone Number

for the commercial purpose of offering Plaintiff consumer credit services.  In regard to such call,

Defendants knowingly and/or willfully:

  a)  Called without Plaintiff's prior express consent; and

  b)  Failed to honor Plaintiff's previous request that the caller place Plaintiff's
      name on their Do-Not-Call List;

  c)  Failed to maintain a record of Plaintiff's previous request that the caller
      place Plaintiff's name on their Do-Not-Call List;

  d)  Failed to train the caller's live representative in the maintenance and use of
      its Do-Not-Call List; and

  e)  Identified the person or entity on whose behalf the call was made as
      "Discover Card", which is a fictitious name that was not registered with
      the Ohio Secretary of State as of the date and time of the call.

38.     Upon information and belief, on March 2, 2009, at approximately 7:00 p.m.,
without Plaintiff's prior express consent, invitation or permission, Defendants knowingly and/or
willfully placed a live agent telemarketing call (the "Twenty-Fifth Call") to Plaintiff's
Residential Telephone Number for the commercial purpose of offering Plaintiff consumer credit
services.  In regard to such call, Defendants knowingly and/or willfully:

  a)  Called without Plaintiff's prior express consent; and

  b)  Failed to honor Plaintiff's previous request that the caller place Plaintiff's
      name on their Do-Not-Call List;

  c)  Failed to maintain a record of Plaintiff's previous request that the caller
      place Plaintiff's name on their Do-Not-Call List;

    d)    Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List; and

    e)    Identified the person or entity on whose behalf the call was made as "Discover Card", which is a fictitious name that was not registered with the Ohio Secretary of State as of the date and time of the call.

39.    Upon information and belief, on March 4, 2009, without Plaintiff's prior express consent, invitation or permission, Defendants knowingly and/or willfully placed a live agent telemarketing call (the "Twenty-Sixth Call") to Plaintiff's Residential Telephone Number for the commercial purpose of offering Plaintiff consumer credit services. In regard to such call, Defendants knowingly and/or willfully:

    a)    Called without Plaintiff's prior express consent; and

    b)    Failed to honor Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

    c)    Failed to maintain a record of Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

    d)    Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List; and

    e)    Identified the person or entity on whose behalf the call was made as "Discover Card", which is a fictitious name that was not registered with the Ohio Secretary of State as of the date and time of the call.

40.    Upon information and belief, on March 23, 2009, at approximately 2:30 p.m., without Plaintiff's prior express consent, invitation or permission, Defendants knowingly and/or willfully placed a live agent telemarketing call (the "Twenty-Seventh Call") to Plaintiff's

Residential Telephone Number for the commercial purpose of offering Plaintiff consumer credit services. In regard to such call, Defendants knowingly and/or willfully:

      a)     Called without Plaintiff's prior express consent; and

      b)     Failed to honor Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

      c)     Failed to maintain a record of Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

      d)     Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List; and

      e)     Identified the person or entity on whose behalf the call was made as "Discover Card", which is a fictitious name that was not registered with the Ohio Secretary of State as of the date and time of the call.

41.     Upon information and belief, on March 28, 2009, at approximately 8:15 p.m., without Plaintiff's prior express consent, invitation or permission, Defendants knowingly and/or willfully placed a live agent telemarketing call (the "Twenty-Eighth Call") to Plaintiff's Residential Telephone Number for the commercial purpose of offering Plaintiff consumer credit services. In regard to such call, Defendants knowingly and/or willfully:

      a)     Called without Plaintiff's prior express consent; and

      b)     Failed to honor Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

      c)     Failed to maintain a record of Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

23

d)     Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List; and

e)     Identified the person or entity on whose behalf the call was made as "Discover Card", which is a fictitious name that was not registered with the Ohio Secretary of State as of the date and time of the call.

42.     Upon information and belief, on March 31, 2009, at approximately 5:05 p.m., without Plaintiff's prior express consent, invitation or permission, Defendants knowingly and/or willfully placed a live agent telemarketing call (the "Twenty-Ninth Call") to Plaintiff's Residential Telephone Number for the commercial purpose of offering Plaintiff consumer credit services. In regard to such call, Defendants knowingly and/or willfully:

a)     Called without Plaintiff's prior express consent; and

b)     Failed to honor Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

c)     Failed to maintain a record of Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

d)     Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List; and

e)     Identified the person or entity on whose behalf the call was made as "Discover Card", which is a fictitious name that was not registered with the Ohio Secretary of State as of the date and time of the call.

43.     Upon information and belief, on April 13, 2009, at approximately 7:36 p.m., without Plaintiff's prior express consent, invitation or permission, Defendants knowingly and/or willfully placed a live agent telemarketing call (the "Thirtieth Call") to Plaintiff's Residential

24

Telephone Number for the commercial purpose of offering Plaintiff consumer credit services. In regard to such call, Defendants knowingly and/or willfully:

        a)    Called without Plaintiff's prior express consent; and

        b)    Failed to honor Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

        c)    Failed to maintain a record of Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

        d)    Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List; and

        e)    Identified the person or entity on whose behalf the call was made as "Discover Bank", which is a fictitious name that was not registered with the Ohio Secretary of State as of the date and time of the call.

      44.    Upon information and belief, on April 15, 2009, at approximately 6:37 p.m., without Plaintiff's prior express consent, invitation or permission, Defendants knowingly and/or willfully placed a live agent telemarketing call (the "Thirty-First Call") to Plaintiff's Residential Telephone Number for the commercial purpose of offering Plaintiff consumer credit services. In regard to such call, Defendants knowingly and/or willfully:

        a)    Called without Plaintiff's prior express consent; and

        b)    Failed to honor Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

        c)    Failed to maintain a record of Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

d)     Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List; and

e)     Identified the person or entity on whose behalf the call was made as "Discover Card", which is a fictitious name that was not registered with the Ohio Secretary of State as of the date and time of the call.

45.     Upon information and belief, on April 16, 2009, at approximately 4:43 p.m., without Plaintiff's prior express consent, invitation or permission, Defendants knowingly and/or willfully placed a live agent telemarketing call (the "Thirty-Second Call") to Plaintiff's Residential Telephone Number for the commercial purpose of offering Plaintiff consumer credit services. In regard to such call, Defendants knowingly and/or willfully:

a)     Called without Plaintiff's prior express consent; and

b)     Failed to honor Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

c)     Failed to maintain a record of Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

d)     Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List; and

e)     Identified the person or entity on whose behalf the call was made as "Discover Card", which is a fictitious name that was not registered with the Ohio Secretary of State as of the date and time of the call.

46.     Upon information and belief, on April 28, 2009, at approximately 4:45 p.m., without Plaintiff's prior express consent, invitation or permission, Defendants knowingly and/or willfully placed a live agent telemarketing call (the "Thirty-Third Call") to Plaintiff's Residential

Telephone Number for the commercial purpose of offering Plaintiff consumer credit services.  In

regard to such call, Defendants knowingly and/or willfully:

a) Called without Plaintiff's prior express consent; and

b) Failed to honor Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

c) Failed to maintain a record of Plaintiff's previous request that the caller place Plaintiff's name on their Do-Not-Call List;

d) Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List; and

e) Identified the person or entity on whose behalf the call was made as "Discover Card", which is a fictitious name that was not registered with the Ohio Secretary of State as of the date and time of the call.

47. During calls Twenty-Four, Twenty-Eight, and Twenty-Nine, Plaintiff again asked that Plaintiff's Residential telephone Number be placed on Defendants' Do-Not-Call List.

48. In regard to each of the above-described calls to Plaintiff's residence:

(a) Each Defendant was a seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions, whether or not it deals directly with consumers, and, therefore, was a "supplier" as defined in O.R.C. §1345.01(C);

(b) Plaintiff was a "consumer" as defined in O.R.C. §1345.01(D);

(c) Plaintiff was a "person" as this term is used in 47 U.S.C. §227, *et seq.*;

(d) Each call was a solicitation to sell, lease, assign, award by chance or otherwise transfer an item of goods, a service, a franchise, or an intangible,

27

to an individual for purposes that are primarily personal, family, or household and, therefore, was a "consumer transaction" as defined in O.R.C. §1345.01(A); and

(e) Each call was initiated for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services and, therefore, each was a "telephone solicitation" as defined in 47 U.S.C. §227(a)(4).

49. Plaintiff asserts the following claims for statutory damages pursuant to 47 U.S.C. §227(c)(5), which are set forth below in Count 1, Count 2 and Count 3, in the alternative. Plaintiff acknowledges that the U.S. Court of Appeals for the Sixth Circuit has recently ruled, in *Charvat v. GVN Michigan, Inc.*, 561 F.3d 623, 2009 U.S. App. LEXIS 7445 (2009), that a telephone subscriber suing a caller over its live agent telemarketing calls may only recover damages under 47 U.S.C. §227(c)(5) on a per-call basis.

## COUNT 1

### (Violation of 47 C.F.R. §64.1200(d))

50. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

51. In initiating the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, Seventeenth, Eighteenth, Nineteenth, Twentieth, Twenty-First, Twenty-Second, Twenty-Third, Twenty-Fourth, Twenty-Fifth, Twenty-Sixth, Twenty-Seventh, Twenty-Eighth, Twenty-Ninth, Thirtieth, Thirty-First, Thirty-Second and Thirty-Third Calls to Plaintiff's Residential Telephone Number, and in not having instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of Defendants, Defendants violated 47 C.F.R. §64.1200(d) and, therefore, Plaintiff is entitled to an order of the Court enjoining any future such

violations by Defendants pursuant to 47 U.S.C. §227(c)(5)(A) and an award of statutory damages in Plaintiff's favor and against Defendants in the minimum amount of $500 for each such Call pursuant to 47 U.S.C. §227(c)(5)(B).

52.     In initiating the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, Seventeenth, Eighteenth, Nineteenth, Twentieth, Twenty-First, Twenty-Second, Twenty-Third, Twenty-Fourth, Twenty-Fifth, Twenty-Sixth, Twenty-Seventh, Twenty-Eighth, Twenty-Ninth, Thirtieth, Thirty-First, Thirty-Second and Thirty-Third Calls to Plaintiff's Residential Telephone Number, and in not having instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of Defendants, Defendants knowingly and/or willfully violated 47 C.F.R. §64.1200(d) and, therefore, Plaintiff is entitled to an award of statutory treble damages in Plaintiff's favor and against Defendants in the minimum amount of $1,500 for each such Call pursuant to 47 U.S.C. §227(c)(5).

## COUNT 2

### (Violation of 47 C.F.R. §64.1200(d)(3))

53.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

54.     In initiating the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, Seventeenth, Eighteenth, Nineteenth, Twentieth, Twenty-First, Twenty-Second, Twenty-Third, Twenty-Fourth, Twenty-Fifth, Twenty-Sixth, Twenty-Seventh, Twenty-Eighth, Twenty-Ninth, Thirtieth, Thirty-First, Thirty-Second and Thirty-Third Calls to Plaintiff's Residential Telephone Number for telemarketing purposes and to deliver a telephone solicitation to Plaintiff without Plaintiff's prior express consent, permission or invitation, Defendants violated 47 C.F.R. §64.1200(d)(3) by

failing to honor Plaintiff's previous Do-Not-Call requests. Therefore, Plaintiff is entitled to an order of the Court enjoining any future such violations by Defendants pursuant to 47 U.S.C. §227(c)(5)(A) and an award of statutory damages in Plaintiff's favor and against Defendants in the minimum amount of $500 for each such Call pursuant to 47 U.S.C. §227(c)(5)(B).

55.     In initiating the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, Seventeenth, Eighteenth, Nineteenth, Twentieth, Twenty-First, Twenty-Second, Twenty-Third, Twenty-Fourth, Twenty-Fifth, Twenty-Sixth, Twenty-Seventh, Twenty-Eighth, Twenty-Ninth, Thirtieth, Thirty-First, Thirty-Second and Thirty-Third Calls to Plaintiff's Residential Telephone Number for telemarketing purposes and to deliver a telephone solicitation to Plaintiff without Plaintiff's prior express consent, permission or invitation, Defendants knowingly and/or willfully violated 47 C.F.R. §64.1200(d)(3) by failing to honor Plaintiff's previous Do-Not-Call requests. Therefore, Plaintiff is entitled to an award of statutory treble damages in Plaintiff's favor and against Defendants in the minimum amount of $1,500 for each such Call pursuant to 47 U.S.C. §227(c)(5).

### COUNT 3

### (Violation of 47 C.F.R. §64.1200(d)(6))

56.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

57.     In initiating the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, Seventeenth, Eighteenth, Nineteenth, Twentieth, Twenty-First, Twenty-Second, Twenty-Third, Twenty-Fourth, Twenty-Fifth, Twenty-Sixth, Twenty-Seventh, Twenty-Eighth, Twenty-Ninth, Thirtieth, Thirty-First, Thirty-Second and Thirty-Third Calls to Plaintiff's Residential Telephone Number for

telemarketing purposes and to deliver a telephone solicitation to Plaintiff without Plaintiff's prior express consent, permission or invitation, Defendants violated 47 C.F.R. §64.1200(d)(6) by failing to maintain a record of Plaintiff's previous requests not to receive further telemarketing calls. Therefore, Plaintiff is entitled to an order of the Court enjoining any future such violations by Defendants pursuant to 47 U.S.C. §227(c)(5)(A) and an award of statutory damages in Plaintiff's favor and against Defendants in the minimum amount of $500 for each such Call pursuant to 47 U.S.C. §227(c)(5)(B).

58.     In initiating the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, Seventeenth, Eighteenth, Nineteenth, Twentieth, Twenty-First, Twenty-Second, Twenty-Third, Twenty-Fourth, Twenty-Fifth, Twenty-Sixth, Twenty-Seventh, Twenty-Eighth, Twenty-Ninth, Thirtieth, Thirty-First, Thirty-Second and Thirty-Third Calls to Plaintiff's Residential Telephone Number for telemarketing purposes and to deliver a telephone solicitation to Plaintiff without Plaintiff's prior express consent, permission or invitation, Defendants knowingly and/or willfully violated 47 C.F.R. §64.1200(d)(6) by failing to maintain a record of Plaintiff's previous requests not to receive further telemarketing calls. Therefore, Plaintiff is entitled to an award of statutory treble damages in Plaintiff's favor and against Defendants in the minimum amount of $1,500 for each such Call pursuant to 47 U.S.C. §227(c)(5).

## COUNT 4

### (Violation of O.R.C. §1345.02(A))

59.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

60.     In initiating the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, Seventeenth, Eighteenth,

Nineteenth, Twentieth, Twenty-First, Twenty-Second, Twenty-Third, Twenty-Fourth, Twenty-Fifth, Twenty-Sixth, Twenty-Seventh, Twenty-Eighth, Twenty-Ninth, Thirtieth, Thirty-First, Thirty-Second and Thirty-Third Calls to Plaintiff's Residential Telephone Number to deliver a telephone solicitation to Plaintiff without Plaintiff's prior express consent, permission or invitation in each such Call, and in violating 47 C.F.R. §64.1200(d), 47 C.F.R. §64.1200(d)(3) and/or 47 C.F.R. §64.1200(d)(6) in regard to each such Call, Defendants knowingly engaged in one or more unfair and/or deceptive acts and/or practices and thereby knowingly violated O.R.C. §1345.02(A)[3] in regard to each such Call.

61.    For each of Defendants' knowing violations of O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages against Defendants in the minimum amount of $200 pursuant to O.R.C. §1345.09(B), and an award of Plaintiff's reasonable attorney's fees and costs against Defendants pursuant to O.R.C. §1345.09(F).

## COUNT 5

### (Violation of O.R.C. §1345.02(A))

62.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

63.    In initiating the First, Third, Sixth, Seventh, Ninth, Tenth, Twelfth, Fifteenth, Sixteenth, Seventeenth, Eighteenth, Nineteenth, Twentieth, Twenty-Second, Twenty-Third, Twenty-Fourth, Twenty-Fifth, Twenty-Sixth, Twenty-Seventh, Twenty-Eighth, Twenty-Ninth, Thirtieth, Thirty-First, Thirty-Second and Thirty-Third Calls to Plaintiff's Residential Telephone

---

[3] Under Ohio law, a violation of the TCPA is also a violation of O.R.C. §1345.02(A) of the Ohio Consumer Sales Practices Act. *See Charvat v. Continental Mortgage Services, Inc.*, Case No. 99CVH12-10255 (Franklin County, Com. Pl., OAG PIF # 1882, 2000); *Chambers v. R & C Delivery*, Case No. 437887 (Cuyahoga Com Pl., OAG PIF # 2070, 2002); *Compoli v. EIP Limited*, Case No. 446780, (Cuyahoga  Com Pl., OAG PIF # 2073, 2002).  The CSPA provides for minimum statutory damages of $200 against any defendant who commits an act or practice that has been held to previously violate the CSPA. *See* O.R.C. §1345.09(B).  Furthermore, Plaintiff is entitled to an award of reasonable attorneys fees against any defendant who knowingly engages conduct that violates the CSPA. *See* O.R.C. §1345.09(F); *Einhorn v. Ford Motor* Co., 48 Ohio St.3d 27 (1990).

Number and using fictitious names that had not been properly registered with the Ohio Secretary of State, Defendants knowingly committed an unfair and/or deceptive act and/or practice and thereby knowingly violated O.R.C. 1345.02(A).

64.    For each of Defendants' knowing violations of O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages against Defendants in the minimum amount of $200 for each such violation pursuant to O.R.C. §1345.09(B), and an award of Plaintiff's reasonable attorney's fees and costs against Defendants pursuant to O.R.C. §1345.09(F).

### COUNT 6

### (Invasion of Privacy)

65.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

66.    The common law of Ohio recognizes an individual's right of privacy as the right to be free from uninvited intrusions upon his seclusion and right to be left alone, particularly in his own home.

67.    The federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. 227, *et seq.*, was enacted in 1991 to protect the privacy interests of residential telephone subscribers, such as Plaintiff, by placing restrictions on unsolicited telephone calls placed to individuals' residences for commercial purposes, and by imposing obligations upon commercial telemarketers, such as Defendants, to not place any calls to the residence of a consumer in violation of FCC regulations and in particular after a consumer has informed the telemarketer to put his telephone number on the telemarketer's Do-Not-Call list.

68.    In less than two years, between November 29, 2007 and April 28, 2008, Defendants intentionally placed at least 33 live agent telemarketing calls to Plaintiff's residence

33

without Plaintiff's prior express permission and in direct contravention of his express request that Defendants not call his home.

69.     In placing 33 or more live agent telemarketing calls to Plaintiff's residence, Defendants intentionally, maliciously and wrongfully disregarded their legal duty to refrain from making such unlawful calls, interfered with Plaintiff's right to be left alone, intruded upon his solitude and seclusion, invaded his privacy in a manner that would be highly offensive to a reasonable person, and which was highly offensive to Plaintiff, and which amounted to a campaign to intentionally and maliciously harass, bother, frustrate, agitate, aggravate, annoy and torment Plaintiff.

70.     As a direct and proximate result of Defendants' intentional, malicious and wrongful actions in repeatedly calling Plaintiff's residence, in failing to comply with his repeated, lawful requests that they not call his residence, and in becoming and remaining a nuisance to Plaintiff, Plaintiff experienced and suffered outrage, agitation, irritation, frustration, aggravation, exasperation, annoyance and stress, just as any reasonable person would have experienced and suffered under the same circumstances.

71.     Plaintiff is entitled to an award of compensatory damages against Defendants in an amount of at least $75,000.

72.     Plaintiff is entitled to an award of punitive damages in an amount of at least $75,000, as well as his reasonable attorney's fees and costs.

### COUNT 7

### (Declaratory Judgment Pursuant to O.R.C. §1345.09(D))

73.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

34

74.     Plaintiff hereby prays for the Court to enter declaratory judgment in his favor and against Defendants pursuant to O.R.C. §1345.09(D), by declaring that, in initiating a telemarketing call to a consumer's residential telephone number in violation of 47 C.F.R. §64.1200(d), 47 C.F.R. §64.1200(d)(3), and/or 47 C.F.R. §64.1200(d)(6), a supplier also commits an unfair and/or deceptive act and/or practice in violation of O.R.C. §1345.02(A).

75.     Plaintiff hereby prays for the Court to enter declaratory judgment in his favor and against Defendants pursuant to O.R.C. §1345.09(D), by declaring that, in placing a telemarketing call to a consumer's residential telephone number while using a fictitious name that has not been properly registered with the Ohio Secretary of State, a supplier commits an unfair and/or deceptive act and/or practice in violation of O.R.C. §1345.02(A).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff hereby prays for the following relief on the foregoing claims against Defendants, jointly and severally:

A.     Pursuant to 47 U.S.C. §227(c)(5), an award of statutory damages in Plaintiff's favor and against Defendants in the amount of $500 for each of Defendants' calls initiated in violation of the regulations prescribed under 47 U.S.C. §227(c);

B.     Pursuant to 47 U.S.C. §227(c)(5), an award of statutory damages in Plaintiff's favor and against Defendants in the amount of $1500 for each call that Defendants knowingly and/or willfully initiated in violation of the regulations prescribed under 47 U.S.C. §227(c);

C.     Pursuant to O.R.C. §1345.09(B), an award of statutory damages in Plaintiff's favor and against Defendants in the statutory amount of $200 for each of Defendants' violations of O.R.C. §1345.02(A);

D.     Pursuant to O.R.C. §1345.09(F), an award of Plaintiff's reasonable attorney's fees

35

and costs for Defendants' knowing violations of O.R.C. §1345.02(A) in the amount of at least $50,000;

     E.     As to Plaintiff's invasion of privacy claim, an award of compensatory damages in Plaintiff's favor and against Defendants in the amount of at least $75,000;

     F.     As to Plaintiff's invasion of privacy claim, an award of punitive damages in Plaintiff's favor and against Defendants in the amount of at least $75,000;

     G.     As to Plaintiff's invasion of privacy claim, an award of Plaintiff's reasonable attorney's fees and costs in the amount of at least $50,000;

     H.     As to Plaintiff's claim for declaratory judgment, the Court's entry of declaratory judgment in Plaintiff's favor and against Defendants, as prayed for hereinabove;

     I.     A permanent injunction, pursuant to 47 U.S.C. §227(c)(5)(A), prohibiting Defendants from initiating any telephone calls to Plaintiff's residence in violation of the regulations prescribed under 47 U.S.C. §227(c); and

     J.     All such other relief, legal and equitable, as permitted by law.

Respectfully submitted,

John W. Ferron
Ohio Bar No. 0024532
jferron@ferronlaw.com
FERRON & ASSOCIATES
A Legal Professional Association
580 North Fourth Street, Suite 450
Columbus, Ohio 43215–2125
(614) 228–5225, 228–3255 fax

Trial Attorney for Plaintiff,
Philip J. Charvat

Of Counsel to Plaintiff:

Lisa A. Wafer
Ohio Bar No. 0074034
lwafer@ferronlaw.com
Jessica G. Fallon
Ohio Bar No. 0079169
jfallon@ferronlaw.com
FERRON & ASSOCIATES
A Legal Professional Association
580 North Fourth Street, Suite 450
Columbus, Ohio 43215–2125
(614) 228–5225, 228–3255 fax

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all of his claims against Defendants.

John W. Ferron
Ohio Bar No. 0024532